### DE BEAUMONT v. WILLIAMES.

(Circuit Court, E. D. Pennsylvania. January 13, 1896.)

ASSIGNMENT OF PATENTS—PROOF OF TITLE—BURDEN OF PROOF.

Where the owner of an interest in a patent agreed to assign the same
to another, the assignment to go into effect when the other party had
performed certain agreements on his part, and afterwards the assignor
sued upon the patent for infringement, *held* that, in order to establish
his title, the burden was upon him to prove that the other party to the
contract had not performed his agreements, and that the title had, con-
sequently, never passed to him.

This was a suit in equity by Delia De Beaumont, administratrix,
against Napoleon W. Williames, for alleged infringement of a patent
for an improvement in heaters and feeders for steam boilers.

Carrie B. Kilgore and David O. Harrington, for complainant.
Ernest Howard Hunter, for defendant.

DALLAS, Circuit Judge. This suit was brought upon three pat-
ents, but has been, by amendment, confined to patent No. 187,825,
dated February 27, 1877, granted to Alexandre De Beaumont, as-
signor of one-half his right to William H. Palmer, for improve-
ment in heater and feeder for steam boilers. The allegations of
the bill with respect to the title to this patent are substantially as
follows: February 27, 1877, patent issued to De Beaumont and
Palmer, jointly. November 10, 1885, assignment from Palmer to
Garratt of all Palmer's right, title, and interest. March 9, 1887,
assignment from Garratt to Warren Webster of all Garratt's right,
title, and interest. March 21, 1887, contract of Alexandre De Beau-
mont with Warren Webster and Elwood S. Webster for the intro-
duction, inter alia, of this patent. July 27, 1887, assignment by
Alexandre De Beaumont to his wife, Delia De Beaumont, in trust,
of all Alexandre De Beaumont's right, title, and interest. The bill

admits that "subsequently" Mr. and Mrs. De Beaumont "made divers conveyances of certain portions of their interest," but "which interests," it is alleged, "have all been reconveyed and assigned," and it avers that "by reason of the premises aforesaid * * * your orator and Delia De Beaumont is the sole owner, in trust, nevertheless, of one-half interest." This averment and the statements which immediately precede it lack clearness; but it seems, upon examination of the entire bill, that with respect to the particular patent in question the title relied on is a title (actual or supposed) in Delia De Beaumont, trustee, to a one-half interest. If this understanding of the bill be correct, the administratrix of the estate of Alexandre De Beaumont was perhaps unnecessarily made a party complainant. But this point may be waived, and the substantial question of title be considered in every possible aspect. One thing, however, is plain: It is not claimed that either Mr. and Mrs. De Beaumont jointly, or that either of them severally, had, when the bill was filed, more than a one-half interest in the patent now in suit. Did either or both of them have such title?

It appears from the bill, as has been indicated, that Horatio L. Garratt acquired a one-half interest, and no more, by the assignment made by Palmer to Garratt on November 10, 1885, and this accords with the proof; but the evidence also shows that, prior to November 10, 1885, Alexandre De Beaumont had entered into a written contract with the same Horatio L. Garratt, to wit, upon January 21, 1885, by which, as defendant insists, but plaintiff denies, the De Beaumont interest was assigned to Garratt, and, consequently, that the entire patent belonged to Garratt when, upon March 9, 1887, he assigned to Warren Webster, and that therefore the latter became, by virtue of Garratt's assignment to him, the sole owner. Hence, the question of title turns upon the effect, if any, to be given, in this cause, to the contract between De Beaumont and Garratt, which was duly recorded amongst transfers of patents. If that contract should, for the present purpose, be held to have divested De Beaumont's one-half interest, it will follow, of course, that his subsequent attempted assignment to his wife, and any of the alleged still later assignments by or to them or either of them, would be of no force or validity.

The De Beaumont-Garratt contract is badly expressed. In its first clause it states that De Beaumont "hereby agrees to assign to H. L. Garratt one-half undividable, not assignable, interest" in two patents, one of which is the patent in suit, and also in certain inventions, for which, as appears from the paper, patents were to be applied for. Then follows the statement of certain agreements by Garratt, and thereafter this provision:

"This assignment goes into effect with the patenting of the above inventions, or after a due effort has been made to do so, and the provisions of this contract have been complied with by H. L. Garratt."

The effect of the words "not assignable" need not be discussed. As they occur in the sentence, it would be difficult to attribute any distinct significance to them which could be accepted with confi-

dence. But, if understood to import that Garratt was not to assign, that circumstance, though it might, upon his assigning without De Beaumont's consent, at least make Garratt liable as for breach of covenant, it certainly would not, upon his assigning, as he did assign, to Warren Webster, with De Beaumont's entire approval, operate to revest the title in De Beaumont. I incline to the opinion that the provision which I have last quoted from the contract was intended to relate to the going into effect of the assignment of the patents, as well as of the unpatented inventions, although it is questionable whether it should not be applied only to the latter, in view of all the terms of the instrument, and especially of the stipulation of Garratt "to pay for the model making, patents," etc.

Let it be granted, however, that the document was not to operate as an assignment of anything unless Garratt fulfilled his promises, yet there remains the question as to whether he did not fulfill them, and upon that question the complainant has adduced neither direct proof nor evidence of any sort from which nonfulfillment could be found, but has assumed the position, as stated in her counsel's brief, that "the burden of proof on any person who claims under this contract is to show performance," and that "none has been shown." This position is, in my opinion, untenable. It rests upon a misconception of the situation and a departure from the issue. The defendant makes no claim under this contract, and the issue—the ultimate fact to be determined—is not as to its performance by Garratt. The plaintiff is claiming title, and upon the issue made on that claim she asserts the affirmative; and therefore the burden of maintaining that assertion lies upon her. The suitor who relies on the existence of facts, as, in this instance, on the facts constituting title, must prove them. The plaintiff admits the Garratt contract; and to show that it did not divest De Beaumont's title, it is requisite that it should be made to appear that Garratt failed to keep his promises. There certainly is no presumption that he violated them; and the fact, being essential to plaintiff's right, is therefore one which it was requisite for the plaintiff to establish by evidence. Doe v. Whitehead, 8 Adol. & E. 571. In an action by Garratt upon the contract, he might be required to affirm, and therefore to prove, its performance on his part; but the plaintiff in this case is necessarily affirming its nonperformance by Garratt, and consequently is bound to support that affirmance. That to do this requires proof of a negative does not affect the question. Regard is to be had to the substance and effect of the issue, and not to its grammatical form. Soward v. Leggatt, 7 Car. & P. 613; Doe v. Whitehead, supra. Here the substance of the issue is as to the existence of the title alleged by the plaintiff, and upon that issue, the question is, was "this assignment" avoided by failure of Garratt to comply with its provisions? Furthermore, the evidence as to performance or nonperformance by Garratt is peculiarly within the knowledge of the plaintiff, and it is "a general rule of evidence that in every case the onus probandi lies on the person who wishes to support his

case by a particular fact, and of which he is supposed to be cognizant." Dickson v. Evans, 6 Term R. 57.

The agreement of March 21, 1887, between Warren Webster and Elwood S. Webster and Alexandre De Beaumont, did not effect a transfer to De Beaumont of the title which Warren Webster had acquired from Garratt. If it had been intended to do so, that intention would, certainly, have been expressed. It is impossible to imply it. The agreement expressly states that the assignments of the patent in suit had been purchased (admittedly, by Warren Webster); and although it subsequently includes that patent with another in the recital that they were "invented, patented, and owned by the said Alexandre De Beaumont," the word "owned," as used in this latter connection, cannot, in view of the preceding statement, and of the known facts and circumstances of the case, be applied to the patent with which we are now concerned. In my judgment, to deduce an inference of transfer of title from such a manifest oversight or inadvertence in drawing this very inartificially prepared writing, would be wholly unjustifiable. The agreement, as the bill describes it, was "for the introduction" of certain patents, and not for the transfer of any interest in this one. Elwood S. Webster, who had no title, was a party to it. The further contention that Warren Webster took title as trustee, is baseless. There is no ground for supposing that he was to hold to any extent, for De Beaumont, an assignment for which Webster paid the entire consideration.

I have reached the conclusion that the complainant has failed to establish title to the patent sued upon, and therefore the bill is dismissed, with costs.